## W. H. Hendrix v. The State.

### No. 5850.   Decided June 9, 1920.

**1.—Burglary—Private Residence—Circumstantial Evidence—Sufficiency of Evidence.**

Where, upon trial of burglary of a private residence, the evidence, although circumstantial, was sufficient to sustain the conviction under a proper charge of the court, there is no reversible error.

**2.—Same—Charge of Court—Reasonable Explanation—Requested Charge.**

Where, upon trial of burglary of a private residence, the doctrine of reasonable explanation did not arise from the evidence, as it excluded the idea that the defendant gave an account of his possession on first opportunity, there was no reversible error in refusing the requested charge on that phase of the case, the court having charged that if defendant was not present at the time of the offense or the jury had a reasonable doubt thereof, or that if he came in possession of the property afterward, to acquit, this was sufficient.

Appeal from the District Court of Ellis. Tried below before the Honorable F. L. Hawkins.

Appeal from a conviction of burglary of a private residence; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Adair Dyer,* for appellant.—On question of reasonable explanation: Roberts v. State, 129 S. W. Rep., 611; Wheeler v. State, 30 id., 913; Mattheus v. State, 23 id., 690; Stanfield v. State, 165 S. W. Rep., 216; Pressley v. State, 131 id., 332; Hawthorn v. State, 136 id., 776; Lopez v. State, 13 id., 219; Taylor v. State, 15 Texas Crim. App., 362; Heskew v. State, 17 id., 161.

*Alvin M. Owsley,* Assistant Attorney General, for the State.—Cited Balwin v. State, 31 Texas Crim. Rep., 589; Bennett v. State, 32 id., 216; Young v. State, 54 id., 560; Cleveland v. State, 57 id., 358.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of burglary of a private residence and allotted five years in the penitentiary.

This is a case of circumstantial evidence. Davis and appellant were traveling in an auto through Ellis county from the city of Dallas to the city of Temple. Enroute they camped near the residence of W. B. Banks for two or three days. The reason assigned for this by appellant's testimony is that when they reached that point the gasoline tank of their auto "sprung a leak and they were out of gasoline," their purpose being to repair the car and secure gasoline. While there Banks' residence was burglarized. Appellant and Davis were arrested. appellant being found in possession of some of the stolen property. His testimony is to the effect that he did not steal the goods or enter the house, and knew nothing of it until after he had received the goods from Davis; that Davis left the car, the casing of which appellant was repairing, for the purpose of securing gasoline; that on his return had the stolen goods and gave him some of them; that he knew nothing of the burglary, had no connection with it, and was not aware the goods were stolen. The State's evidence is sufficient to sustain the conviction. It is not deemed necessary to detail it.

Appellant asked and was refused a charge to the effect that if appellant, when his possession was first challenged, gave an account which was reasonable and probable true, or there was a reasonable doubt of it, the jury should acquit. He also excepted to the court's charge because it did not submit this issue. The facts upon which appellant's requested charge is based are recited by him in his bill of exceptions No. 2, as follows: "When I was arrested out there no one asked me anything about the stuff and I didn't say anything about it. I remember Mr. Banks coming to see me at the jail; he called me over to the door and I went over to the door and he asked for the money and I gave him the money that was in the pockets; there

was about 30 cents. That was about all Mr. Banks said to me. Well, Mr. Banks said that he didn't want the clothes, he didn't need them. I offered him the clothes. I asked him if they were his clothes, if they were I would give them to him. I told him that I got the clothes from Davis. Davis was there in the jail at the time." As we understand the doctrine of reasonable explanation this testimony does not bring the question within that rule. His statement excludes the idea that he gave an account of it on first opportunity. He says that when he was arrested that no one asked him anything about the stuff, and he himself did not say anything about it. When he was arrested charged with this offense, it was then called to his attention. His right to possession of the property was called in question. This was not within the doctrine of reasonable account of possession of stolen property. Appellant testified on the trial substantially as his statement above quoted. The court charged the jury with reference to this, if they should find from the evidence that Davis burglarized the private residence of Banks but that the defendant was not present and participating with him at the time, or if the jury should have a reasonable doubt upon this issue, it would be their duty to acquit defendant of the charge of burglary, although they may believe from the evidence that he afterwards came into possession of some of the property taken from the alleged burglarized house, and was in possession of the same at the time of his arrest. This we understand was his testimony upon the trial and his theory of the case. The court also gave appellant's requested instruction to the effect that if Davis burglarized the house of Banks and appellant at the time remained in an automobile or on the road and waited for Davis and did not take any part in the burglary and did not in any way assist in the perpetration of the same and was not present encouraging such perpetration, or if the jury should have a reasonable doubt as to whether such facts are true or not, then in such event they should find appellant not guilty. These charges aptly and pertinently applied the law to the facts of this case and give defendant the full benefit of all that he claimed with reference to his connection or want of connection with the burglary of the house and possession of the goods that came from it. This is practically the only question presented by appellant's appeal.

Finding no reversible error in the record the judgment will be affirmed.

*Affirmed.*